## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JAMES WELCOME and
ANGELA BEHARIE, H/W
804 Humbert Street
Vineland, NJ 08360,
             *Plaintiffs*

v.

WILEVCO, LLC.
10 Fortune Drive
Billerica, MA 01821
and

LEVERETT P. FLINT, INC. formerly
known as WILEVCO, INC.
284 Old Main Street
New London, NH 03257
and

UNIBLOC-PUMP, LLC
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801
and

NYPON, INC. formerly known as
UNIBLOC-PUMP, INC.
3600 Forest Hill Trail
Acworth, GA 30101

             *Defendants.*

CASE NO.

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

## **COMPLAINT**

The Plaintiffs, James Welcome and Angela Beharie through their attorneys, Devine Timoney Law Group, for their Complaint, allege and say:

1.      Mr. James Welcome is a resident of New Jersey, residing at 804 Humbert Street,

Vineland, NJ 08360.

2.     Ms. Angela Beharie, Mr. Welcome's wife, is a resident of New Jersey, residing at the same address as Mr. Welcome.

3.     Defendant Wilevco LLC ("Wilevco") is a Massachusetts Limited Liability Company, with a principal place of business at 10 Fortune Drive, Billerica, MA 01821.

4.     The registered agent of Wilevco LLC is Robert Reiser, located at 10 Fortune Drive, Billerica MA 01821.

5.     Defendant Leverett P. Flint Inc. ("Flint"), formerly known as Wilevco, Inc. is a Massachusetts Corporation headquartered in New Hampshire at 284 Old Main Street, New London, NH 03257.

6.     Defendant Leverett P. Flint, Inc.'s registered agent for service is John R. Cavanaugh, located at Clarkin & Phillips, P.C. 55 William Street, Suite 210, Wellesley MA 02481.

7.     Wilevco LLC and Leverett P. Flint Inc. (also referred to herein collectively as the "Wilevco Defendants") are the manufacturer, seller and/or distributor of the machine at issue in this case and are the successors in interest to Wilevco Inc. and/or the Wilevco brand product lines.

8.     Defendant Unibloc-Pump, LLC, ("Unibloc") formed on February 12, 2020, is a Delaware limited liability company with a registered agent located at The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington DE 19801.

9.     Defendant Nypon, Inc., ("Nypon") formerly known as Unibloc-Pump, Inc. is a Georgia corporation, formed on February 27, 1995 with a principal place of business located at 3600 Forest Hill Trail, Acworth, GA, 30101; its registered agent is Eric Soderstrom, located at the same address.

10.    Unibloc-Pump LLC and Nypon Inc. (hereinafter referred to collective as the

"Unibloc Defendants") are the manufacturer, seller and/or distributor of the pump at issue in this case and are the successors in interest to Unibloc-Pump Inc. and/or the Unibloc brand product lines.

## JURISDICTION AND VENUE

11.    Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

12.    Venue is proper in this district based on 28 U.S.C. §1391(b)(2) in that the District of New Jersey is a where a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated.

## FACTS

13.    At all times relevant hereto, Mr. James Welcome was an employee of F&S Produce.

14.    On or about August 21, 2019, Mr. Welcome was working in the course of his employment at F&S Produce in Vineland, Cumberland County, New Jersey, cleaning a Wilevco brand machine used by F&S Produce to process apples (hereinafter "Wilevco Machine").

15.    While cleaning the Wilveco Machine, his finger was suddenly and unexpectedly sucked in to the machine and into a hazardous point of operation, resulting in the sudden traumatic amputation of Mr. Welcome's finger.

16.    As a result of the foregoing incident, James Welcome sustained severe and permanent injuries, including but not limited to, traumatic amputation of his middle finger on his dominant right hand through the distal interphalangeal joint.

17.    As a result of the foregoing incident, Mr. Welcome has incurred medical bills in

excess of $10,000.

18.     Mr. Welcome suffered disability, loss of wages, and is permanently partially impaired and disabled, resulting in a loss of future earning capacity.

19.     As a result of the foregoing incident, Mr. Welcome has endured extreme pain, mental anguish, suffering and humiliation and will likely continue to experience pain, suffering, mental anguish and humiliation in the future.

20.     As a result of the foregoing incident, Mr. Welcome has suffered a permanent amputation, scarring and disfigurement.

21.     As a result of the foregoing incident, Mr. Welcome has suffered a loss of life's enjoyment and a loss of the ability to have full use of his right dominant hand.

## COUNT I-NEGLIGENCE
### James Welcome v. Wilevco LLC and Leverett P. Flint, Inc.

22.     Plaintiff incorporates herein by reference the allegations set forth in the above paragraphs as though more fully set forth at length.

23.     The Wilevco Defendants are the manufacturers, sellers, distributors and/or successors in interest to the manufacturer, seller or distributor of the Wilevco Machine.

24.     The incident described above was caused by the negligent and careless acts of the Wilevco Defendants including, but not limited to the following:

  a.   failing to design, manufacture and/or sell the Wilevco Machine in a manner that would allow it to be operated and cleaned safely during its normal and/or anticipated use and operation;

  b.   designing, manufacturing and/or selling the Wilevco Machine with an in-running nip point located too close to an opening wide enough to allow fingers to enter, and located where air suction was likely to pull a person's hand into the machine during

normal cleaning operations;

c.  designing, manufacturing and/or selling the Wilevco Machine without adequate guarding to prevent the in-running nip point from harming an operator or sanitization worker;

d.  designing, manufacturing and/or selling the Wilevco Machine without a safety interlock device to prevent the Unibloc pump from running when the hazard was exposed during normal cleaning operations;

e.  designing, manufacturing and/or selling the Wilevco Machine with inadequate distance between a machine cleaning access point and a hazardous pinch point;

f.  failing to provide adequate instructions and warnings concerning the substantial risk of serious harm that could result during the normal operation and sanitization of the Wilevco Machine; and

g.  failing to provide adequate warnings affixed to the machine in the area of the hazard to inform people of the pinch point hazard at the Unibloc pump that was exposed and readily accessible during normal cleaning operations, and about the increased hazard of air suction that was likely to pull a person's hand into the pinch point hazard during normal cleaning operations.

25.     As a result of the negligence of the Wilevco Defendants, James Welcome suffered severe and permanent injuries as set forth more fully above.

**WHEREFORE**, James Welcome requests that judgment be entered in his favor and against Wilevco LLC and Leverett P. Flint Inc. in an amount in excess of $75,000 together with such interest, cost and fees as the Court may allow.

**COUNT II-STRICT LIABILITY**
**James Welcome v. Wilevco LLC and Leverett P. Flint, Inc.**

26.     Plaintiff incorporates herein by reference the allegations set forth in the above paragraphs as though more fully set forth at length.

27.     The Wilevco Machine was designed, manufactured and/or sold in an unreasonably dangerous and defective condition and not reasonably fit, suitable or safe for its intended purpose in that the operator it featured a hazardous nip point that was exposed during the normal required cleaning of the machine, along with air suction that was likely to pull the hands of people performing cleaning operations into the hazardous nip point.

28.     The Wilevco Machine was designed, manufactured and/or sold in an unreasonably dangerous and defective condition and not reasonably fit, suitable or safe for its intended purpose in that it did not include sufficient warnings or instructions relating to how to safely clean the machine, or relating to about the hazardous nip point that was exposed during cleaning as well as the likelihood that air suction in the area of the nip point would likely pull a person's hand into the hazardous nip point and cause severe injury.

29.     The Wilevco Machine was designed, manufactured and/or sold in an unreasonably dangerous and defective condition and not reasonably fit, suitable or safe for its intended purpose in that it deviated from the design specifications or performance standards of the manufacturer and/or food service equipment industry at the time that the Wilevco Machine was manufactured and sold.

30.     James Welcome relied upon the Wilevco Defendants to design, manufacture and/or sell the Wilevco Machine in a condition that was not defective and unreasonably dangerous, that was fit and safe for use, and relied upon the Wilevco Defendants to provided sufficient instructions

and warnings to prevent serious injuries from occurring during the operation of the machine as a result of the operator coming into contact with moving parts of the machine.

31.     Due to its defective and unreasonably dangerous condition, the Wilevco Machine was an immediate hazard to persons cleaning the Wilevco Machine or working in close proximity to it.

32.     As a direct and proximate result of the defective and dangerous condition of the Wilevco Defendants' product, James Welcome sustained damages as set forth more fully above.

**WHEREFORE**, James Welcome requests that judgment be entered in his favor against Wilevco LLC and Leverett P. Flint Inc. in an amount in excess of $75,000 together with such interest, cost and fees as the Court may allow.

**COUNT III-NEGLIGENCE**
**James Welcome v. Unibloc-Pump, LLC and Nypon Inc.**

33.     Plaintiff incorporates herein by reference the allegations set forth in the above paragraphs as though more fully set forth at length.

34.     The Unibloc Defendants are the manufacturers, sellers, distributors and/or successors in interest to the manufacturer, seller or distributor of the Unibloc pump that was a component part of the Wilevco Machine.

35.     The incident described above was caused by the negligent and careless acts of the Unibloc Defendants including, but not limited to the following:

    a.  failing to design, manufacture and/or sell the Unibloc pump in a manner that would allow it to be operated safely during its normal and/or anticipated use and operation, including the sanitization process;

    b.  designing, manufacturing and/or selling the Unibloc pump with an in-running nip point located too close to an opening wide enough to allow fingers to enter, and

located where air suction was likely to pull a person's hand into the machine during normal cleaning operations;

c.  designing, manufacturing and/or selling the Unibloc pump without adequate guarding to prevent the in-running nip point from harming an operator or sanitization worker;

d.  designing, manufacturing and/or selling the Unibloc pump without a safety interlock device to prevent the Unibloc pump from running when the hazard was exposed during normal cleaning operations;

e.  designing, manufacturing and/or selling the Unibloc pump without adequate distance between a machine cleaning access point and a hazardous pinch point;

f.  failing to provide adequate instructions and warnings concerning the substantial risk of serious harm that could result during the normal operation and sanitization of the Unibloc pump; and

g.  failing to provide adequate instructions and warnings to the Wilevco Defendants, their predecessor corporations, or end users concerning the substantial risk of serious harm that could result during the normal operation and sanitization of the Unibloc pump if installed in a location that exposed a user or cleaner of the machine to come into close contact with the pump.

36.     As a result of the negligence of the Unibloc Defendants, James Welcome suffered severe and permanent injuries as set forth more fully above.

**WHEREFORE**, Mr. Welcome requests that judgment be entered in his favor and against Unibloc-Pump, LLC, and Nypon Inc. in an amount in excess of $75,000 together with such interest, cost and fees as the Court may allow.

## COUNT IV-STRICT LIABILITY
## <u>James Welcome v. Unibloc-Pump, LLC and Nypon Inc.</u>

37.     Plaintiff incorporates herein by reference the allegations set forth in the above paragraphs as though more fully set forth at length.

38.     The Unibloc pump was designed, manufactured, and/or sold by the Unibloc Defendants.

39.     The Unibloc pump was designed, manufactured and/or sold in an unreasonably dangerous and defective condition in that it contains a dangerous and accessible in-running nip point.

40.     The Unibloc pump was designed, manufactured and/or sold in an unreasonably dangerous and defective condition in that it did not include any warnings or instructions relating to the in-running nip point, or about the need to add guarding or shields around the Unibloc Pump to prevent people working near the Unibloc Pump from sustaining serious injuries.

41.     James Welcome relied upon the Unibloc defendants to design, manufacture and/or sell the Unibloc pump in a condition that was not defective and unreasonably dangerous and to provide sufficient instructions and warnings to prevent serious injuries from occurring during the operation of the machine as a result of the operator coming into contact with moving parts of the machine.

42.     Due to its defective and unreasonably dangerous condition, the Unibloc pump was an immediate hazard to persons operating or working in close proximity to the Wilevco Machine and the Unibloc Pump.

43.     As a direct and proximate result of the defective and dangerous condition of the Unibloc Defendants' product, James Welcome sustained damages as set forth more fully above.

**WHEREFORE**, James Welcome requests that judgment be entered in his favor against

Unibloc-Pump, LLC in an amount in excess of $75,000 together with such interest, cost and fees as the Court may allow.

### COUNT VI-LOSS OF CONSORTIUM/PER QUOD
### Angela Beharie v. All Defendants

44.     Plaintiffs hereby incorporate the allegations set forth above as though more fully set forth at length herein.

45.     Plaintiff, Angela Beharie, is and was, at the time of the aforesaid incident, the wife of James Welcome.

46.     As a result of the accident described above, Angela Beharie has been deprived of the society, companionship, comfort and consortium of her husband, and may be deprived of the same in the future.

**WHEREFORE**, plaintiff Angela Beharie demands judgment against all defendants in an amount in excess of $75,000 for damages together with interest, cost of suit, and attorneys' fees as this court may allow.

**DEVINE TIMONEY LAW GROUP**

_____
Patrick C. Timoney (NJ 027071992)
Jessica Orr Shawaluk (NJ 046022011)
**DEVINE TIMONEY LAW GROUP**
Veva 14, Suite 404
1777 Sentry Parkway West
Blue Bell PA, 19422
(610) 400-1970
ptimoney@devinetimoney.com
jshawaluk@devinetimoney.com
*Attorneys for James Welcome and Angela Beharie*

Dated: July 12, 2021